UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TINA M. HILSON,

          Plaintiff,

v.

DETROIT RESCUE MISSION
MINISTRIES, *et al.*,

          Defendants.

_____/

Civil Action No. 24-12447

Robert J. White
United States District Judge

David R. Grand
United States Magistrate Judge

## REPORT AND RECOMMENDATION TO GRANT PLAINTIFF'S REQUEST TO VOLUNTARILY DISMISS DEFENDANT BEVERLY STEWART (ECF No. 10)

**I.    REPORT**

    **A.    Background**

On September 17, 2024, *pro se* plaintiff Tina Hilson ("Hilson") brought this employment discrimination action, alleging, *inter alia*, violations of the Americans with Disabilities Act and Family Medical Leave Act of 1993. (ECF No. 1). Named as defendants in this action were Detroit Rescue Mission Ministries and five of its employees – Barbara Willis, Dr. Chad Audi, Belinda Flowers, Danielle Copeland, and Beverly Stewart. (*Id*.). On December 2, 2024, this case was referred to the undersigned for all pretrial purposes. (ECF No. 21).

On October 11, 2024, Hilson filed a document that reads: "Plaintiff Ms. Tina

Hilson request motion to have defendant Mrs. Beverly Stewart (Payroll Benefit Specialist) to be remove[d] from cause of action."[1] (ECF No. 10, PageID.253). The Court interprets this statement as a request that Hilson be permitted to voluntarily dismiss her claims against defendant Stewart.

**B.     Analysis**

Fed. R. Civ. P. 41(a) governs voluntary dismissals in federal court. Rule 41(a)(1)(A) permits a plaintiff to voluntarily dismiss an action, without prejudice, without a court order: (1) by filing an appropriate notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (2) by stipulation of the parties. Here, the first condition is satisfied because, at the time Hilson filed her "request" that defendant Stewart be "remove[d]" as a defendant in this case, Stewart had filed neither an answer nor motion for summary judgment. *See Cross v. Hartsfield*, No. 22-11705, 2022 WL 17834074, at *1 (E.D. Mich. Oct. 12, 2022) ("Because there is no answer or summary judgment motion filed, Plaintiff did not need leave of the Court to voluntarily dismiss her case."). As such, the Court construes Hilson's filing (ECF No. 10) as a notice of voluntary dismissal, and her claims against defendant Stewart should be dismissed without prejudice. *See* Fed. R. Civ. P. 41(a)(1)(B) ("Unless the notice or stipulation states otherwise, the

---

[1] In quoting from Hilson's filing, the Court will do so verbatim to ensure statements are not taken out of context.

dismissal is without prejudice.").

## II. RECOMMENDATION

For the reasons set forth above, **IT IS RECOMMENDED** that Hilson's request to voluntarily dismiss her claims against defendant Stewart **(ECF No. 10)** be **GRANTED** and that Hilson's complaint be **DISMISSED WITHOUT PREJUDICE** as to Stewart.

Dated: December 13, 2024              s/David R. Grand
Ann Arbor, Michigan                   DAVID R. GRAND
                                      United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to the proposed findings and recommendations set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590,

3

596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 13, 2024.

                                            s/Eddrey O. Butts
                                            EDDREY O. BUTTS
                                            Case Manager