UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TINA M. HILSON,

        Plaintiff,         Civil Action No. 24-12447

v.        Robert J. White
        United States District Judge

DETROIT RESCUE        David R. Grand
MISSION MINISTRIES,        United States Magistrate Judge

        Defendant.
_____/

## REPORT AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT (ECF No. 32)

Before the Court is a Motion to Dismiss plaintiff Tina Hilson's ("Hilson") Amended Complaint, filed by defendant Detroit Rescue Mission Ministries ("DRMM") on February 13, 2025.[1] (ECF No. 32). On March 13, 2025, Hilson filed a response to DRMM's motion (ECF No. 35), and DRMM filed a reply brief on March 25, 2025 (ECF No. 36). Oral argument was held on DRMM's motion on June 24, 2025.

For the detailed reasons set forth on the record, **IT IS RECOMMENDED** that DRMM's Motion to Dismiss Plaintiff's Amended Complaint **(ECF No. 32)** be **GRANTED IN PART** and **DENIED IN PART**. Specifically, DRMM's motion should be (1) granted as to Hilson's claim under Michigan's Persons with Disabilities Civil Rights Act, a claim Hilson disavowed at oral argument, and (2) denied in all other respects. Thus,

---

[1] On December 2, 2024, this case was referred to the undersigned for all pretrial purposes pursuant to 28 U.S.C. § 636(b). (ECF No. 21).

Hilson should be permitted to proceed with her Americans with Disabilities Act ("ADA") claim against defendant DRMM <u>only</u>.[2]

| | |
|---|---|
| Dated: June 24, 2025<br>Ann Arbor, Michigan | s/David R. Grand<br>DAVID R. GRAND<br>United States Magistrate Judge |

### NOTICE REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections

---

[2] Hilson's original complaint, which she filed *pro se*, was brought against DRMM, as well as five individual defendants – Barbara Willis, Chad Audi, Belinda Flowers, Danielle Copeland, and Beverly Stewart. (ECF No. 1). On October 11, 2024, Hilson asked that defendant Stewart be removed as a defendant in this action (ECF No. 10), a request that the Court granted. (ECF Nos. 24, 26). Subsequently, with the assistance of the Detroit Mercy Law Pro Se Legal Assistance Clinic, Hilson stipulated to dismiss her claims against the remaining individual defendants without prejudice. (ECF No. 30). When Hilson filed her amended complaint – again, with the assistance of counsel – only DRMM was named as a defendant. (ECF No. 31). As a result, when DRMM filed the instant motion, it noted that none of the individuals remained as defendants, a fact that Hilson "disagree[d]" with in her response brief. (ECF No. 35, PageID.428). Although Hilson indicated at oral argument a desire to revive her ADA claims against the originally named individual defendants, the Court finds that permitting Hilson to amend her complaint yet again to re-plead ADA claims against these individuals would be futile, as it is clear that "there is no individual liability under the ADA." *Hargrave v. MGM Detroit*, No. 24-11736, 2025 WL 424504, at *2 (E.D. Mich. Feb. 6, 2025) (citing cases); *see also Lee v. Michigan Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) (plaintiff may not maintain an action under the ADA against individual defendants because the ADA does not impose liability upon individuals).

a party might have to this Report and Recommendation. *See Willis v. Sec'y of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. L.R. 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 24, 2025.

s/Eddrey O. Butts<br>
EDDREY O. BUTTS<br>
Case Manager