UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TINA M. HILSON,

Plaintiff,

v.

DETROIT RESCUE MISSION MINISTRIES, et al.,

Defendants.

Case No. 24-cv-12447

Honorable Robert J. White
Magistrate Judge David R. Grand

## ORDER APPOINTING COUNSEL AND STAYING CASE

*Pro se* Plaintiff Tina M. Hilson commenced this *in forma pauperis* action against Defendants in September 2024, asserting claims for disability discrimination and wrongful termination, among others. (ECF No. 1). The Court referred the case to Magistrate Judge David R. Grand for all pretrial matters. (ECF No. 21). The Court later adopted the magistrate judge's recommendation to dismiss all Plaintiff's claims except for that against Defendant Detroit Rescue Mission Ministries (DRMM) under the Americans with Disabilities Act only. (ECF No. 40). Following discovery, DRMM moved for summary judgment, and the Court ultimately adopted the magistrate judge's recommendation to deny DRMM's motion. (ECF No. 62).

The magistrate judge on October 15, 2026, issued a Certification of Completion of Pretrial Proceedings indicating that this matter is ready for trial (ECF No. 64), and the Court held a pretrial hearing on October 28, 2026 (*see* ECF No. 65). At the hearing, the Court discussed with Plaintiff the possibilities of settlement and appointment of counsel to assist her in any settlement discussions and, if necessary, with trial.

Under 28 U.S.C. § 1915, "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Although a district court is vested with broad discretion in determining whether to appoint counsel for an indigent civil litigant, appointment of such counsel is not a constitutional right and is justified only by exceptional circumstances. *Lavado v. Keohane,* 992 F.2d 601, 604-06 (6th Cir. 1993).

Given the history of this litigation, the Court finds exceptional circumstances exist in that discovery has been held in this matter, Plaintiff survived a motion for summary judgment, and a Certification of Completion of Pretrial Proceedings has been entered by the magistrate judge. Since the case survived the dispositive motion stage, it should proceed to a settlement conference and, if necessary, to trial. And appointing counsel to represent Plaintiff would greatly facilitate meaningful settlement discussions, trial preparation, and the like.

Accordingly,

IT IS ORDERED that the Case Manager refer this matter to the Pro Bono Coordinator to obtain counsel to represent Plaintiff in preparation for trial and at trial.

IT IS FURTHER ORDERED that the case will be STAYED for sixty (60) days while the Court attempts to obtain pro bono counsel for Plaintiff. If pro bono counsel is not obtained within sixty (60) days, the stay will be lifted, and Plaintiff will proceed *pro se*. No motions shall be filed during the pendency of the stay.

Dated: October 29, 2026

s/Robert J. White
Robert J. White
United States District Judge